Filed 10/4/24  P. v. Trood CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>PHILIP ALDEN TROOD,<br><br>      Defendant and Appellant. | A169672<br><br>(Napa County<br>Super. Ct. No. 22CR002847) |

Philip Alden Trood appealed after he was sentenced to probation for cutting down a tree on city property.  His appellate attorney has asked the court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436, and Trood has filed a supplemental brief.  We find no arguable issues and affirm.

Trood was arrested in November 2022 and charged with felony vandalism and grand theft after reports that he had cut down a tree in a Napa city park where he had been living in a homeless encampment for around 10 years.  Around 10 months later, in September 2023, Trood pleaded no contest to one misdemeanor count of receiving stolen property (Pen. Code, § 496, subd. (a)).[1]  Under his plea agreement, he was to receive one year of

---

[1] All statutory references are to the Penal Code unless otherwise specified.

1

formal probation.  He also was to agree to move his personal belongings out of the park where he cut down the tree, to stop living in the park (or within 100 yards of it), and to stay away from the park from dusk until dawn.

On the day in early November 2023 set for sentencing, Trood's counsel informed the trial court that Trood wanted to withdraw his plea.  The trial court continued the matter so that counsel could file a formal motion, which counsel did later that month.  Attached to the motion was a statement from Trood describing a project he was working on at the park with other residents.  According to Trood, the district attorney was trying "to oppress me to freely travel," and he could not follow the conditions set forth in his plea agreement since they would "restrain [his] movement around [his] old home, prevent [him] from continuing [his] relationship with neighbors and limit[] [his] actions in and around Kennedy Park, [which was] ridicul[ous,] unreasonable and unacceptable."  Trood also attested that he did not want to admit to receiving stolen property because, as he stated, "I am not a thief." He further attested that he was "a professional at tree care with over fifty years' experience" and that the tree he cut down was dead when he removed it.  He requested that all charges be dismissed or, in the alternative, that he be allowed to receive new counsel and proceed to trial.

At the start of the hearing on the motion to withdraw and for sentencing, Trood stated that he wanted to fire his appointed attorney, and the court held a hearing under *People v. Marsden* (1970) 2 Cal.3d 118.  The court denied the motion.  In open court, Trood tried to present documents to the court, but his attorney stated that the documents might suggest ineffective assistance of counsel and also that the documents should not be

2

disclosed to the prosecution in the event there was a trial. The court held another *Marsden* hearing, and the court again ruled against Trood.[2]

The trial court denied the motion to withdraw the plea for lack of good cause shown. It then sentenced Trood under his plea agreement to one year of formal probation, subject to the agreed upon conditions set forth above. The court imposed two fees (Gov. Code, § 70373; § 1465.8) and the minimum restitution fine (§ 1202.4, subd. (b)), and it waived further restitution subject to Trood's successful completion of probation. Trood sought and was granted a certificate of probable cause to challenge the denial of his motion to withdraw his plea.

Reviewing the record of Trood's sentence and other matters occurring after Trood's plea that do not affect the validity of the plea (Cal. Rules of Court, rule 8.304(b)(2)(B)), we find no arguable issues, as the sentence and fine and fees imposed were authorized. And we find no reason to reverse the denial of Trood's motion to set aside his plea, as the trial court did not abuse its discretion in determining that Trood did not establish good cause. (§ 1018; *People v. Patterson* (2017) 2 Cal.5th 885, 894.) Trood was represented by counsel throughout the proceedings below, and there is no indication in the record that he lacked understanding of the effects of his plea. Trood's lengthy supplemental brief in this court includes much of the same information submitted in support of his motion to withdraw his plea, and it also summarizes material outside the record that he contends shows he would have prevailed at trial. The brief does not, however, raise an arguable issue that good cause supported the withdrawal of his plea.

---

[2] In his supplemental brief, Trood argues that his motions should have been granted, but he does raise an arguable issue that the trial court abused its discretion.

Trood also complains in his supplemental brief that the probation conditions limiting his access to the park where he was living amount to cruel and unusual punishment. Since Trood was sentenced, the U.S. Supreme Court issued *City of Grants Pass v. Johnson* (2024) ___ U.S. ___ [144 S.Ct. 2202], which weighs against any challenge to the conditions of Trood's probation. There are no arguable issues to argue on appeal.[3]

The order granting probation is affirmed.

---

[3] Through inadvertence, a different version of this opinion was posted to the court's website before it was filed. Both versions reach the same conclusion.

_____
Humes, P.J.

WE CONCUR:


_____
Banke, J.


_____
Hill, J.*


*Judge of the Superior Court of the County of San Mateo, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*People v. Trood*  A169672